335 P.2d 884

STATE of Idaho, on relation of Roscoe C. RICH, Leonard K. Floan and David P. Jones, Idaho Board of Highway Directors, Plaintiff-Respondent,

v.

W. E. WOLFE and Waive Claudine Wolfe, his wife, Defendants-Appellants.

No. 8665.

Supreme Court of Idaho.

Feb. 18, 1959.

Frank L. Benson, Atty. Gen., Robert D. Wennergren, Wm. R. Padgett, Asst. Attys. Gen., Graydon W. Smith, former Atty. Gen., and Allan G. Shepard, former Sp. Asst. Atty. Gen., for respondent.

James, Shaw & James, Gooding, for appellants.

TAYLOR, Justice.

In June, 1955, judgment was entered in favor of the plaintiff (respondent) in a condemnation proceedings against the defendants (appellants) for the condemnation of a parcel of land for highway purposes extending through a farm owned by the defendants near the limits of Glenns Ferry. The judgment was made and entered upon a written stipulation signed by counsel for the parties. The project constituted a relocation of U. S. Highway 30 by means of which the highway bypassed the business district of Glenns Ferry. The judgment granted defendants limited access to the new highway in the following language:

"That the said defendants' right of access to and from the highway right of way hereinabove described and condemned herein and the highway to be constructed over and upon said property is hereby taken, restricted and prohibited, except for farm crossings at engineering stations 1190+79 and 1195+79, as surveyed, * * * and except for access by means of and by way of the existing U. S. Highway 30 from property of the defendants which lies adjacent to and southeast of that portion of the hereinabove described highway right of way between engineering stations 1188+88 and that certain North and South road known as Bannock Avenue, * * * said access by means of the existing U. S. Highway 30 being subject to statutes and regulations applicable to unlimited access highways."

The highway was constructed as planned, bisecting defendants' farm, and leaving a triangular tract on the south side of the new highway. The base of the triangle is on the north and is the south line of the new highway. The old highway 30 bounds the tract on the south on the long leg of the triangle, and Bannock Avenue bounds the tract on the east along the short leg of the triangle.

Two farm crossings were provided for defendants' use, five hundred feet apart,

at the locations shown on the plans. At the fence line twenty-foot gates were installed, consisting of two ten-foot steel sections.

Thereafter, defendants constructed a motel upon the triangular tract on the south side of the highway. The office building is located opposite the gate at the easterly farm crossing. A drive-in restaurant was constructed near the gate provided for the westerly crossing. Defendants have also erected flood lights at these gates, lighting the entrances at night, and between the gates an animated stop sign advertising the motel. They have also erected other signs advertising the motel and inviting the public to enter as patrons of the business there conducted, and the gates have been left open for that purpose.

The state brought this action for a judgment enjoining the defendants from using the farm crossings for commercial purposes. Judgment was entered for the plaintiff and defendants brought this appeal.

Defendants admit that prior to the construction of the highway their land was used entirely for agricultural purposes, and that they have since constructed the motel and other buildings and signs, and have been using the crossings and entrances for commercial purposes. Their contention is that during the negotiations, leading to the stipulation for judgment in the condemnation action, they were advised by agents of the plaintiff that they could use the entrances for any purpose which the width of the gates would permit; that the original stipulation submitted by the state for their signatures, in the condemnation action, limited the use of the crossings "for farm purposes only"; that they objected to the proposed limitation of use, and in the subsequent stipulation, finally agreed to, the words "for farm purposes only" were eliminated; and that they signed the stipulation with the understanding that the farm crossings would not be limited to farm purposes only.

Upon the trial the witnesses for the state—Lewis L. Hamblin, employee of the highway department in charge of procuring right of way for this project, Clifford R. Salmen, division engineer for the bureau of public roads, and Fred Charlton, a real estate appraiser employed by the department—all testified that in conversations had with the defendant, Wolfe, concerning terms and conditions for procuring of the right of way, defendant was advised that the plans provided for one farm crossing; that defendant insisted upon two and urged that he needed two in order to avoid driving cattle along the highway, and in order to move his stock and equipment directly across, thus more conveniently to operate the parts of the farm separated

by the highway; that defendants never mentioned any other use, or a desire or plan on their part to use the crossings or entrances for any other than farm purposes.

Defendant Wolfe testified that he advised the right of way procuring agent of the plaintiff that he desired to move a motel owned by him onto this property and to use the entrances at the crossings for motel purposes; that he was advised by the agent that he could use the crossings and entrances for any purpose which the width of the gates would permit; that through his counsel he refused to agree to the first stipulation proposed by the plaintiff on the ground that it contained the restriction "for farm purposes only", and agreed to the stipulation, finally concluded, when that limitation was removed. One of defendants' counsel, appearing as a witness, testified that he advised counsel for the plaintiff, by telephone, of defendants' refusal to agree to the stipulation containing the limitation, and that subsequent agreement was reached when that restriction was removed.

The attorney for the plaintiff, who conducted the negotiations leading up to the stipulation, on behalf of the state, was not present at the trial and did not testify.

Defendants introduced, as their Exhibit 15, what they contend is the first proposed stipulation submitted by counsel for the plaintiff, in the condemnation action. By the terms of that exhibit defendants waive and relinquish to the state any and all rights, present and future, to any direct access to the highway "except for crossings for farm purposes only at stations 1190+00 and 1195+00." The stipulation finally agreed to, and upon which judgment was entered, contains the same waiver followed by the words, "except for farm crossings at stations 1190+79 and 1195+79."

The final stipulation further provided with relation to access, as follows:

"It is understood and agreed that defendants' access to the existing U. S. Highway 30 from their property which lies southeast of the new proposed highway between station 1188+88 and Bannock Avenue, being between said new highway and the existing U. S. Highway 30, as shown by Exhibit 'A' of plaintiff's complaint shall not be limited except insofar as such right might be limited by statutes and regulations applicable to unlimited access highways."

Defendants' counsel testified that he and counsel for the state exchanged two or three proposed stipulations; that the third stipulation submitted by the plaintiff incorporated a large part of the language contained in a stipulation submitted by

him (counsel for defendants); and that he could not say whether the third one so submitted was the one finally agreed to. Thus, it is uncertain by whom the final stipulation was drawn. These stipulations covered the damages for the taking and severance, and many other items beside the crossings.

The judgment in condemnation literally follows the stipulation finally agreed upon, as to access.

The defendants urge a distinction between "crossings for farm purposes only", which they refused to agree to, and "farm crossings", which they did agree to. The distinction does not appear from the words used. On the contrary, both appear to mean the same thing. The testimony produced by the defendants served only to create a conflict with that offered by plaintiff as to the understanding of the parties with reference to the nature and extent of access privileges granted to defendants by the judgment.

■ The trial court did not specifically find that defendants were not misled in the negotiation and settlement of the condemnation action. The controlling finding is that the defendants' access to the highway was limited to "farm crossings". The court concluded that access for farm crossings means access for crossing the highway with livestock and customary agricultural machinery, necessary and useful for farming purposes, and does not mean "access for all uses and purposes, nor for commercial uses or purposes." Thus, the court in effect concluded that the judgment in condemnation is not ambiguous and is not subject to the interpretation attempted to be placed thereon by the defendants; and that defendants were not misled in agreeing to the stipulation on which the judgment was rendered. The court's findings and conclusions are supported by competent evidence and are, therefore, conclusive. Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585; Crenshaw v. Crenshaw, 68 Idaho 470, 199 P.2d 264; In re Village of Riggins, 68 Idaho 547, 200 P.2d 1011; Sellars v. Sellars, 73 Idaho 163, 248 P.2d 1063; Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Parke v. Parke, 76 Idaho 168, 279 P.2d 631.

■ The defense interposed in this action is in effect a collateral attack upon the judgment in the condemnation action. O'Neill v. Potvin, 13 Idaho 721, 93 P. 20, 257; Moyes v. Moyes, 60 Idaho 601, 94 P.2d 782.

"It is a general rule of law that a judgment may not be impeached in collateral proceedings, by a party or privy to it, for fraud, collusion, or false testimony." 30A Am.Jur., Judgments, § 878, p. 789.

Donovan v. Miller, 12 Idaho 600, 88 P. 82, 9 L.R.A.,N.S., 524, 10 Ann.Cas. 444; Scanlon v. McDevitt, 50 Idaho 449, 296 P. 1016; Boise Payette Lumber Co. v. Idaho Gold Dredging Corp., 56 Idaho 660, 58 P.2d 786; Tingwall v. King Hill Irr. Dist., 66 Idaho 76, 155 P.2d 605; Cf. Keane v. Allen, 69 Idaho 53, 202 P.2d 411; Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031.

Judgment affirmed.

Costs to respondent.

PORTER, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.