347 P.2d 762

William H. RIGGERS, Plaintiff-Respondent,

v.

Ruby L. RIGGERS, Defendant-Appellant.

No. 8783.

Supreme Court of Idaho.

Dec. 14, 1959.

Wm. J. Jones, Lewiston, for respondent.

: McCarthy & Adams, Lewiston, for ap-
-pellant.

**McQUADE, Justice.**

This is an action for divorce. The parties were married October 11, 1956. Plaintiff-respondent, a 49-year-old bachelor, then owned and operated a 218-acre farm near Gifford, Idaho. He farmed an additional 160 acres of leased land. Defendant, then 36, had been employed as his housekeeper from June, 1956, to October, 1956. She has a young son, the issue of one of her three prior marriages; the boy made his home with the parties.

Both parties seek a divorce. Respondent complained the appellant failed to make a home and to prepare proper meals; she nagged him about trivial matters; on several occasions she left home for several days at a time. Appellant complained the respondent was sullen; he refused to discuss family matters with her; he was distrustful; the parties had failed to reach a satisfactory sexual adjustment and the respondent refused to seek medical advice which would have improved the relationship; and the attitude of respondent's relatives toward her created an atmosphere of tension.

The parties separated June 23, 1958, appellant moving to her mother's home in Lewiston, Idaho.

A few days thereafter they met and discussed a division of property. This conversation took place in a car parked near the home of appellant's mother. Appellant made out a list of items she wanted, including $200 cash, a 1950 automobile, electrical appliances and other articles. This list was subsequently incorporated into a property settlement agreement prepared by respondent's attorney and signed by both parties. Appellant was not represented by counsel at that time.

Respondent brought this action, seeking a divorce on the ground of extreme cruelty and approval of the property settlement agreement. After this complaint was filed, it was found appellant was pregnant; the child would be born about March 22, 1959. Respondent maintains the child is not his.

Appellant filed a cross-complaint for divorce on the ground of extreme cruelty. She sought support money, payment of doctor, hospital, and drug bills during pregnancy, and payment of attorney fees. She prayed that one-half of the farm property be set aside for the child, and the remainder of the property be awarded to her as community property.

After hearing the evidence, the trial court granted a divorce to respondent hus-

band; it affirmed the property settlement agreement, and declared the farm property, equipment, and other personal property on the farm to be respondent's separate property, and denied allowance of attorney fees to appellant.

The trial court ordered determination of the child's parentage be delayed until after its birth, also that determination as to child support and medical expense be likewise delayed. It ordered respondent to pay appellant $50 a month until birth of the child.

The question of parentage has not been determined by the trial court, consideration thereof having been deferred until after this appeal.

■ Appellant appeals from the decree. The brief contains no specification of error, but sets out three issues: granting of the divorce to respondent, confirmation of the property settlement agreement, and failure of the trial court to grant appellant attorneys' fees, which will be treated as assignments of error.

■ As to granting of the divorce to the respondent, the evidence is conflicting with reference to acts of cruelty alleged by the parties. For the most part, appellant and respondent admit the specific acts complained of, but offer explanations of their conduct.

" * * * The judge who tries the case and has the parties before him for observation in the light of the evidence is the one to whom the law commits the determination of this question in the first instance, and this court will not disturb a finding that particular acts constitute grievous mental suffering, unless the evidence in support of the finding is so slight as to indicate a want of ordinary good judgment and an abuse of discretion by the trial court. * * *" De Cloedt v. De Cloedt, 24 Idaho 277, 133 P. 664, 669.

See also Hiltbrand v. Hiltbrand, 68 Idaho 275, 193 P.2d 391; Sellars v. Sellars, 73 Idaho 163, 248 P.2d 1063.

Urging reversal of the judgment by the second assignment of error, appellant maintains she entered into the property settlement agreement hastily, and without knowledge of her pregnancy, and further that she was not represented by counsel at that time.

■■ The trial court correctly found the farm, machinery, and other assets owned by respondent before marriage were his separate property and were not subject to division upon divorce. See I.C. § 32–903. The community income consisted of income from the farm during the period of marriage, and was subject to division. I.C. § 32–712, infra.

An examination of the evidence shows the property respondent received was equal

to more than one-half the community property acquired during the comparatively brief period of marriage.

Respondent's 1957 income tax return, introduced in evidence, showed a gross profit for the year of $9,060.09. This included approximately $4,000 worth of crops grown in 1956, before the marriage, and sold in 1957. At the time of marriage, respondent's bank account totaled $5,403.81. When the parties separated, the account stood at less than $100, and respondent owed debts of $2,300.

Appellant estimates the value of the property she received under the property settlement agreement at $1,200. Respondent, setting value of most of the items at their original cost, estimated the same property was worth about $2,800.

■ Our statute, I.C. § 32–712, provides: " * * * If the decree be rendered on the ground of * * * extreme cruelty, the community property must be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, deems just."

The evidence adduced is sufficient to sustain the trial court's decree confirming the property settlement agreement in its determination of the property rights of the parties.

In regard to the allowance of attorney fees to the wife, our statute provides:

"While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action." I.C. § 32–704.

■ The wife has the right to have her interests presented and protected, and this statute contemplates the husband must, if possible, help her bear the expense. See Lovell v. Lovell, 80 Idaho 251, 328 P.2d 71; Bedke v. Bedke, 56 Idaho 235, 53 P. 2d 1175; Finnell v. Finnell, 59 Idaho 148, 81 P.2d 401.

■ The judgment is modified to include a sum for reasonable attorneys' fees for appellant. The cause is remanded to the trial court with directions to allow appellant such sum for attorney fees as the court shall deem reasonable; and, as so modified, the judgment is affirmed.

Costs to appellant.

TAYLOR, SMITH and KNUDSON, JJ., concur.

PORTER, C. J., sat at the hearing, but did not participate in the decision.