353 P.2d 1089

Margaret E. ROSE, Plaintiff-Respondent,

v.

Will ROSE, also known as Wilheim Rose,
Defendant-Appellant.

No. 8828.

Supreme Court of Idaho.

July 1, 1960.

J. Ward Arney, Pat W. Arney, Coeur d'Alene, for appellant.

Hawkins & Miller, Coeur d'Alene, for respondent.

McQUADE, Justice.

Appellant, Will Rose, and respondent, Margaret E. Rose, were married May 13, 1940, and lived together continuously until March, 1956, when they separated and have since lived separate and apart. At the time of the trial of this case appellant was 68 years of age and respondent was 63.

Respondent commenced this action for divorce and was granted a decree of divorce upon the ground of extreme cruelty. Under the provisions of the decree all community property is divided equally between the parties; a period of thirty days from the date of the decree is allowed within which the parties may agree to the division of the property; if they are unable to so agree, provision is made for the appraisement and sale of the property and an equal division of the proceeds.

Appellant assigns as error the trial court's action in finding and decreeing that (a) the Idaho Ranch and (b) the "joint" bank account were community properties. Shortly after the marriage a joint bank account was created by appellant whereby each party could and did make withdrawals; at the time of the trial of this case the account amounted to $8,871.88. There is some conflict regarding the source of the monies deposited to the account. Appellant contends that such balance is his separate money and in support of such contention he testified that during the marriage he deposited in said account, among other incidental amounts, the following mentioned sums: approximately $4,000 which he received from the sale of timber harvested from property he owned before marriage; $8,000 received from the sale of livestock and machinery owned by him prior to marriage; .$14,000 received from

the sale of a farm which he owned prior to marriage.

Respondent testified that shortly after the marriage she contributed several hundred dollars in cash to said checking account; also that income from their farming operations was deposited in said account. There is evidence that earnings of the parties during the marriage and rentals from real estate purchased in their joint names after marriage also were deposited in said account. It is uncontradicted that the account was used by them throughout the sixteen years of their married life for their joint benefit and maintenance.

There had been no contention on the part of appellant prior to the commencement of this action that the joint account was, either in whole or in part, separate property. An excerpt from appellant's testimony in this regard is as follows:

"Q. Did you have any arguments between you and Mrs. Rose about whether the money or any of the property was separate property of hers or yours or community property up until just a while before this divorce action started? A. No, I don't think there was.

"Q. In other words, you just went along and treated everything about like it was in the bank regardless of where it came from? A. Yes."

No records were kept and no evidence introduced from which it could be ascertained what portion, if any, of such bank account was the separate property of either party. In this connection appellant further testified:

"Q. All the money that you and Maggie have earned or made since your marriage that you deposited, you deposited to this bank account in Spokane, isn't that right? A. Yes, that's the only bank.

"Q. That's been going on for sixteen years? A. Yes."

\* \* \* \* \* \*

"Q. Then, Mr. Rose, I take it that as far as you were concerned during this sixteen years what was yours was hers and hers was yours, is that right? A. That's what was said. That's what she always said."

Appellant having asserted that the remainder of the joint bank account is his separate property, the burden of proof is upon him to establish such fact by a preponderance of the evidence. Humbird Lumber Co. v. Doran, 24 Idaho 507, 135 P. 66; Chaney v. Gauld Co., 28 Idaho 76, 152 P. 468; Aker v. Aker, 52 Idaho 713, 20 P.2d 796. Notwithstanding appellant's present contention, the record definitely supports the conclusion that the joint account was commingled, regarded and treated as community funds and under such

circumstance it all becomes community property. In Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 284, 54 A.L.R.2d 416, this Court said:

"Where the parties have not only commingled, blended and confused, but treated, regarded and handled their separate funds and community funds in their bank account as one fund, it all becomes community."

The evidence supports the finding and ruling of the trial court relative to the community character of the joint bank account and will not be disturbed.

 The real estate which appellant contends is his separate property was acquired by warranty deed dated May 3, 1944, wherein the grantees are referred to as "Will Rose and Margaret Rose, his wife, the parties of the second part". The crucial question in determining the status of such property is the source of the funds with which it was purchased. There is a conflict in the proof as to the source of such purchase money. Appellant's testimony regarding the purchase is somewhat confusing since he testified that he paid for it with money received by him from the sale of timber harvested from his own land, and he also testified:

"Q. When you purchased this ranch as shown by Exhibit Number 4 for the plaintiff, you purchased that with funds out of this account we have talked about? A. Yes."

\*　\*　\*　\*　\*　\*

"Q. At that time in 1944, you didn't contend this was your sole and separate property, did you, Bill? A. No.

"Q. It was both your property, isn't that right? A. Why, sure."

Respondent testified that such property was purchased with money withdrawn from their community joint checking account. No oral or documentary evidence was offered in corroboration of either party on the subject. This property was acquired approximately four years after the marriage and title was taken in the name of both parties as husband and wife, which facts create a disputable yet prima facie presumption that it is community property. I.C. § 32–906; Hill v. Porter, 38 Idaho 574, 223 P. 538. Here again it becomes the burden of the party asserting against such presumption to establish the non-existence of its community character. The trial court has found upon conflicting evidence from which different inferences could be drawn that it was purchased with community funds. The court had a right to believe respondent and to doubt appellant, and in keeping with the general rule that a finding of a trial court that property is either separate or community in character, is binding and conclusive upon the appellate court, if it is based upon conflicting evidence or upon evidence which is subject

to different inferences, we cannot disturb such findings. Bowman v. Bowman, 72 Idaho 266, 240 P.2d 487; McCarty v. Sauer, 64 Idaho 748, 136 P.2d 742; Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585; Ryan v. Day, 74 Idaho 159, 258 P.2d 1146; State ex rel Rich v. Wolfe, 80 Idaho 563, 335 P.2d 884.

Appellant complains of the trial court's finding that respondent's daughter and son-in-law owed respondent nothing. For the purpose of ascertaining what, if any, separate property either of the parties possessed, the trial court permitted full examination of each of the parties relative to transfers of property prior to and following the marriage. We have carefully examined the record and find that although the evidence is to some extent conflicting, it is sufficient to support the court's findings.

Appellant's contention that the court erred in decreeing that the community property be sold and the proceeds equally divided, is without merit. In a case of this kind it becomes the duty of the trial court to make assignment of the community property to the respective parties in such proportions as to the court, from all the facts of the case and the condition of the parties, deems just. I.C. § 32–712. The court by its decree allowed the party thirty days within which to arrive at an agreement as to a division or disposition of the property, retaining jurisdiction in the event of their inability to agree, and provided for appraisement and sale as authorized by I.C. § 32–713. The trial court will, upon receipt of the remittitur, establish a new date from which the thirty-day period shall run.

The judgment is affirmed with costs to respondent.

TAYLOR, C. J., and SMITH, KNUDSON and McFADDEN, JJ., concur.