378 P.2d 191

**Ruth P. TILTON, Plaintiff-Cross-Defendant-Respondent,**

v.

**Glone A. TILTON, Defendant-Cross-Complainant-Appellant.**

No. 8960.

Supreme Court of Idaho.

Jan. 25, 1963.

Vernon K. Smith, Boise, for appellant.

Paul B. Ennis, Boise, for respondent.

TAYLOR, Justice.

Each party sought a divorce from the other upon the ground of extreme cruelty; neither interposed the defense of recrimination. The court found each had suffered extreme cruelty at the hands of the other and granted a divorce to both. The court concluded the community property should be equally divided. Defendant has appealed from the decree providing such division.

The parties were married in December, 1956.

At the time of divorce the parties were possessed of two motor vehicles. One, a 1956 Ford pickup truck, was purchased in 1958 for a total purchase price of $1595. Of this, $700 was paid by way of a credit for a 1952 pickup owned by defendant (appellant) prior to marriage. The balance of $895 was paid in installments by the community. The court found the present value of the vehicle to be $1000; that defendant's separate interest therein was 44% or $440, and the community interest 56% or $560. This was a proper division of this asset between the two estates. Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416.

**248**

■ The other vehicle was a 1953 Ford station wagon, which the court found to be community property and valued at $500. Defendant contended he should have been awarded $200 separate interest in this vehicle for the value of a vehicle traded thereon, which was separately owned by him. The evidence does not support this contention.

■ The value fixed by the court on the community assets is supported by competent and substantial evidence.

■ Defendant contends the court erred in refusing to allow him an interest in certain real property owned by the plaintiff. The real property referred to was a residence property in Boise upon which plaintiff held a leasehold interest only. Defendant had made certain minor improvements upon this property, using material and funds which he claimed were his separate property. However, he testified that at the time the improvements were made, he did not expect any reimbursement therefor. The court properly found that this constituted a contribution by the defendant to the wife's estate. Shovlain v. Shovlain, 78 Idaho 399, 305 P.2d 737; Heslip v. Heslip, 74 Idaho 368, 262 P.2d 999.

■ Prior to the marriage the defendant owned a small residence in Garden City which he had purchased in 1950 for $1400. To this he had added improvements of $2500. The property increased in value in the amount of $600 by reason of public improvements, consisting of extension to it of sewer and water lines and certain street improvements. Whether this was done before or after the marriage, or in part during each period, the court properly considered the increment as separate property of defendant. Gapsch v. Gapsch, supra. Additional improvements were made upon the property after the marriage, increasing the value thereof in the amount of $3000. Against this value of the community interest the court deducted $150 for materials used in the improvements which were owned by defendant prior to the marriage, leaving a community interest of $2850.

The court found the value of this property at the time of trial to be $7500. The evidence as to value was conflicting, but there was competent and substantial evidence supporting the value fixed by the court.

The decree required defendant to pay to plaintiff one-half of the community interest in such property in the amount of $1425; imposed a lien upon the property as security therefor; and provided that if that amount was not paid by defendant to plaintiff (respondent) within 90 days, the plaintiff might apply to the court for the appointment of a receiver to sell the property

and pay to plaintiff the sum of $1425 from the proceeds of such sale.

Subsequent to the entry of judgment the defendant filed a motion for an amendment of the findings, conclusions and judgment, supported by his affidavit, in which he asserts that the residence property is so located and of such character that he will be unable to borrow money on the security thereof for the payment of the amount he is required to pay plaintiff for her interest therein. He asked the court to order the property sold and, after deducting costs of sale, that he be reimbursed for his separate interest and that the remainder be divided between the parties. He also requested the sale of two motor vehicles and the distribution of the proceeds in the same manner. The motion was denied.

Defendant testified that at the time of the marriage he had a balance of between eight and nine hundred dollars in his bank acccount, and that subsequent to the marriage he had received about $700 from his father's estate. He contends that his separate interest in the residence property in Garden City should have been increased by the amount of these separate funds, which he claims were expended in the improvements on that property made after the marriage. However, the defendant also testified that these moneys were in the same bank account in which his earnings, accruing to him during the 3½ years of the marriage, were deposited. He testified such income was $90 per week base pay. The trial court found defendant's earnings to be not less than $3600 per year net. This account was drawn upon by defendant for other purposes including monthly installments on motor vehicles and other items purchased by the parties, as well as for the improvements to his separate property. Defendant testified he had no way of tracing his separate funds into any of these various withdrawals. The court properly found that the separate funds and community funds in the bank account had become commingled and had been treated, regarded and handled as one fund, and therefore had become community property. Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416; Rose v. Rose, 82 Idaho 395, 353 P.2d 1089.

On this appeal, defendant again urges that the motor vehicles and Garden City property be sold and the proceeds divided in the manner requested in his motion filed after the decree. He insists that the residence property is not worth the value fixed by the court and will not sell for that amount, and that the requirement that plaintiff be paid the full amount of her community interest out of the proceeds will unjustly diminish his separate interest therein.

On the other hand, plaintiff contends that the application of the proceeds in the manner proposed by defendant, would prefer his separate interest in the property and unjustly diminish her community interest therein.

The disposition made by the court of the motor vehicles was equitable.

As to the community interest in defendant's residence property, the court properly applied the law as stated in Gapsch v. Gapsch, supra. In that case we held that the amount of reimbursement due to the community estate for community assets used or expended in improvement of the separate property of the husband, in the absence of a gift thereof, was the amount by which the value of the husband's estate had been thereby enhanced. Reimbursement is not measured by the amount or value of the community contribution, but by the resultant increase in the value of the husband's estate.

In this case the court found, upon substantial competent evidence, that defendant's residence property had been enhanced in value in the amount of $2850 by the expenditure thereon of community funds and labor. The judgment subjecting the property to plaintiff's claim to one-half of the increased value is not inequitable.

The ninety day period allowed defendant to pay plaintiff her half of the community interest, shall run from the date of the remittitur herein.

Decree affirmed.

Costs to respondent.

KNUDSON, C. J., and McQUADE, McFADDEN and SMITH, JJ., concur.