383 P.2d 840

**Anna Crosslin FISHER, Plaintiff-Appellant,**

**v.**

**Carl E. FISHER, Defendant-Respondent.**

**No. 9177.**

Supreme Court of Idaho.

July 18, 1963.

C. J. Hamilton, Coeur d'Alene, for respondent.

Sidney E. Smith, Coeur d'Alene, for appellant.

**McQUADE, Justice.**

Anna Fisher, appellant herein, brought this action against Carl Fisher, respondent herein, seeking to obtain a divorce and an equitable division of the community property acquired by the parties during coverture. Respondent filed a cross-complaint, therein seeking a divorce and an equitable division of the community property. Following the trial upon the causes, the trial court entered judgment granting appellant's prayer for a divorce. The trial court further determined the status of the real and personal property of the parties and distributed it in accordance with said determination. No appeal is taken from that portion of the judgment awarding a divorce to appellant upon the grounds of extreme cruelty. This appeal is taken from that portion of the findings and judgment wherein the trial court determined the status of property owned by the appellant and respondent and distributed it between these parties.

Appellant and respondent were married April 14, 1951. At that time appellant owned a farm in Shoshone County, hereinafter referred to as the Crosslin Farm. On March 15, 1950, respondent had entered into a contract to purchase certain property, hereinafter referred to as "the Fisher farm," from his mother. The purchase price was $10,000.00. Respondent had paid $1,500.00 of this amount at the time the parties were married. The balance on that contract, with the exception of $26.00 principal which still is unpaid, was paid out of community funds. Appellant claimed that inasmuch as community funds had been used to pay for a large percentage of the total sale price of this real property, it was community property. The trial court

held that this real property was the separate property of respondent. However, the trial court held that $8,476.00 in community funds were contributed toward payment of the purchase contract and appellant was entitled to reimbursement of one-half of this sum, or $4,238.00.

During coverture the parties acquired certain farming equipment and household furniture and fixtures. There is a conflict in the testimony as to the actual value of the farming equipment and household furniture and fixtures as of the time this action was commenced. Respondent estimated the farming equipment had a present market value of $2,650.00, and the household appliances had a present market value of $1,100.00. Though the record fails to reveal the full extent of disagreement, it may be said that appellant was of the opinion the farming equipment and household appliances had a value considerably in excess of respondent's estimate. The trial court found that the farming equipment had a present market value of $2,800.00 and that the household furniture and fixtures had a present market value of $1,100.00. The trial court further awarded these items to respondent, but ruled appellant was entitled to reimbursement in an amount equal to one-half the value of the above mentioned items.

During the marriage the parties maintained a joint checking account at the Weber Bank of Kellogg, Idaho; a savings account at the Lincoln First Federal Savings and Loan Association of Spokane, Washington; and still another savings account at the First Federal Savings and Loan Association of Coeur d'Alene, Idaho. It is not disputed that all funds deposited in the savings account with the Lincoln First Federal Savings and Loan Association are community property. A total of three deposits were made in the savings account with the First Federal Savings and Loan Association of Coeur d'Alene, Idaho. The first, in the amount of $800.00, represents amounts withdrawn from their joint checking account at the Weber Bank. Appellant contends that the remaining two deposits, of $487.58 and $69.45 represent stumpage payments made to her for timber harvested on the Crosslin farm. Because this farm is her separate property, appellant contends that these funds are separate property. So, too, appellant contends that she received in excess of $5,500.00 from the sale of timber on her farm, and from other income derived from that farm, and that most of this money was deposited in the joint checking account in the Weber Bank where it was commingled with community funds. Appellant contends that this total amount is her separate property. In support of this contention, appellant testified that she and respondent had agreed that all income and proceeds derived from her separate property would remain hers. Respondent de-

nied that he entered into such an agreement. Rather, respondent testified it was his understanding that all funds would become a part of the community estate. Respondent further testified he had devoted all proceeds from the sale of his own separate property and all proceeds from the sale of timber on the Fisher farm to community uses. The trial court held that the funds placed in the various accounts were community property. Inasmuch as appellant had withdrawn $1,591.02 from the Weber Bank and $600.00 from the First Federal Savings and Loan Association in Coeur d'Alene, the trial court deducted one-half of this amount from funds found to be due and owing appellant by respondent. After distributing the remaining community property between the parties the trial court awarded the Carl Fisher farm and the above mentioned household appliances to respondent; the court awarded the funds remaining in the several bank accounts to appellant, and held that respondent reimburse appellant in the amount of $4,992.80. This amount represents appellant's one-half of the established community interest after deduction was made for one-half the amount of funds withdrawn by appellant from the Weber checking account and the savings account in the First Federal Savings and Loan Association in Coeur d'Alene, Idaho, and all funds remaining in the several bank accounts.

Appellant assigns as error the finding by the trial court that the Fisher farm was the sole and separate property of respondent. As previously noted, respondent entered into a contract to purchase this property on March 15, 1950. This was more than one year prior to the date he married appellant. During that time, respondent had paid $1,500.00 of the purchase price of the farm. Appellant contends that inasmuch as $8,476.00 of community funds were applied toward payment of the purchase price, the trial court should have found that this property was community in nature. In 11 Am.Jur. Community Property, § 20, p. 187, the question raised by this assignment of error is considered. Therein it is stated:

"The status of property as separate or community property is fixed as of the time when it is acquired. The word 'acquired' contemplates the inception of title, and as a general rule the character of the title depends upon the existence or nonexistence of the marriage at the time of the incipiency of the right by virtue of which the title is finally extended and perfected; the title when so extended and perfected relates back to that time. Stated in another way, the status of title, as belonging to one estate or the other, is determined by the status of the original right, subsequently matured into

full title. Under this rule, property to which one spouse has acquired an equitable right before marriage is separate property, though such right is not perfected until after marriage."

In Merkel v. Merkel, 39 Wash.2d 102, 234 P.2d 857, the court considered this same issue. Therein, property was purchased under an installment contract, executed prior to the date of marriage. Inasmuch as community funds had been used to pay a portion of the contract price, the wife contended that it was community property. The court therein held that the property was the separate property of the husband. The court held that the use of community funds to make certain payments on the purchase contract did not "change the status of the property from separate to community, though it would impress the property with a community lien." See also Hollingsworth v. Hicks, 57 N.M. 336, 258 P.2d 724; Holmes v. Grange Fraternal Fire Ins. Ass'n. (Dist.Ct.App.Cal.), 102 Cal.App.2d 911, 228 P.2d 889, 54 A.L.R.2d 429, 456. Riggers v. Riggers, 81 Idaho 570, 347 P.2d 762 is also generally in accord with this rule. We conclude that the trial court properly held that the Fisher Farm was the separate property of respondent, subject, however, to the right of appellant to reimbursement for one-half of the community funds applied toward payment thereof. I.C. § 32–903.

Appellant further assigns as error the finding of the trial court that the present market value of the farm machinery hereinbefore referred to was $2,800.00 and the household furniture and fixtures had a present market value of $1,100.00. While these findings may not be in accord with the estimates of appellant, they do quite closely follow respondent's estimates. The value of the assets, as determined by the court, is supported by competent and substantial evidence. Tilton v. Tilton, 85 Idaho 245, 378 P.2d 191. No grounds for reversal is presented by the fact that the trial court chose to place more credence on respondent's estimate and to doubt the correctness of appellant's estimate. Rose v. Rose, 82 Idaho 395, 353 P.2d 1089. See also Davis v. Davis, 82 Idaho 351, 353 P.2d 1079; Clayton v. Clayton, 81 Idaho 416, 345 P.2d 719.

Appellant further assigns as error the failure of the trial court to award to appellant "the timber money as proceeds of her sole and separate property." Assuming, arguendo, that the proceeds from the sale of the timber were separate funds of appellant, we nevertheless conclude that the trial court properly found that the funds in the bank accounts here in question were community property. As previously noted, the proceeds from the sale of timber on appellant's farm were deposited in bank accounts and commingled with community

funds. Funds from these accounts were expended for community purposes. "Where the parties have not only commingled, blended and confused, but treated, regarded and handled their separate funds and community funds in their bank account as one fund, it all becomes community." Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416. See also: Tilton v. Tilton, supra; Rose v. Rose, supra.

■ Appellant also contends that the parties had entered into an agreement whereby the income and timber proceeds from appellant's farm would remain her separate property. Respondent denied that he had entered into such an agreement. "* * * a finding of a trial court that property is either separate or community in character, is binding and conclusive upon the appellate court, if it is based upon conflicting evidence or upon evidence which is subject to different inferences * * *" and will not be disturbed on appeal. Rose v. Rose, supra.

■ Appellant complains that the trial court did not properly distribute the community property. More specifically, error is assigned to the findings of fact and conclusions of law of the trial court wherein respondent was awarded the farming equip-ment and the household furniture and fixtures. While the trial court awarded respondent this property, it also required that respondent pay appellant an amount equal to one-half of the value thereof. Where, as here, the divorce is decreed upon the grounds of extreme cruelty, "the community property must be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, deems just." I.C. § 32–712. Pursuant to I.C. § 32–712, the disposition of the community property of these parties is committed to the discretion of the trial court in the first instance. Davis v. Davis, 82 Idaho 351, 353 P.2d 1079; Smiley v. Smiley, 46 Idaho 588, 269 P. 589. In the light of the facts and circumstances of this case, we hold that the trial court did not abuse its discretion in its division of the community property.

After careful consideration of all assignments of error we conclude that the trial court committed no reversible error in the trial of this cause.

The judgment is affirmed.

Costs to respondent.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.