415 P.2d 676

**Ralph F. FERGUSON, Plaintiff-Respondent,**

v.

**Sarah Ann FERGUSON, Defendant-Appellant.**

**No. 9773.**

Supreme Court of Idaho.

June 21, 1966.

Reginald R. Reeves, Idaho Falls, for appellant.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for respondent.

TAYLOR, Justice.

The parties intermarried October 12, 1964. January 14, 1965, plaintiff (respondent) filed action against defendant (appellant)

for divorce on the ground of cruelty, alleged as follows:

"Since the marriage of the parties hereto defendant has treated plaintiff with extreme cruelty and inflicted grievous mental suffering upon him as follows: Defendant has, without the authorization or knowledge of plaintiff, used the credit of plaintiff to incur large items of indebtedness through charge accounts for non-necessaries; defendant has falsified matters concerning her purchases to plaintiff; defendant has failed and refused to return to the home of the parties hereto at reasonable hours of the nighttime and has, on occasions, stayed away the entire night without reasonable or proper explanation to plaintiff concerning her whereabouts at such times; defendant has failed to treat plaintiff with loving and conjugal kindness since marriage of the parties hereto; that as a result plaintiff's peace of mind and matrimonial happiness have been destroyed, and plaintiff has been rendered nervous, upset and unable to properly perform his work and other business."

Defendant denied the allegations of cruelty and filed a counterclaim seeking alternative relief of annulment or divorce. The ground for annulment was alleged in count one as follows:

"The circumstances described in section 32–501(6) I.C. relate to plaintiff."

The ground for divorce was alleged as follows:

"Plaintiff has conducted himself towards defendant in the manner described in section 32–605 I.C., causing her grievous mental suffering and rendering it impossible for her to resume living with him as wife and husband."

The statutory provisions referred to in the counterclaim are as follows:

"6. That either party was, at the time of marriage, physically incapable of entering into the married state, and such incapacity continues, and appears to be incurable." I.C. § 32–501(6).

"Extreme cruelty is the infliction of grievous bodily injury or grievous mental suffering upon the other by one party to the marriage." I.C. § 32–605.

On trial the parties were the only witnesses, and were permitted to testify fully in support of their respective pleadings. At the close of the evidence the court granted a motion by plaintiff to dismiss defendant's counterclaims on the ground that neither stated a claim upon which relief could be granted. The court then gave judgment of divorce to plaintiff on the ground of extreme cruelty. On the issue of cruelty the court found:

"That each and all of the allegations set forth in plaintiff's Complaint are true.

"That plaintiff is, and has been, a bonafide resident of the State of Idaho for more than six weeks immediately preceding the commencement of this action, which said residence has been corroborated by the testimony of the defendant."

Defendant brought this appeal from the judgment, and assigns as error: (1) the dismissal of her counterclaims; (2) the finding of extreme cruelty; (3) the failure to award annulment or divorce to defendant; (4) the award of a mixmaster to plaintiff, and requiring defendant to pay balance of purchase price on sewing machine awarded to her; (5) the refusal to require plaintiff to pay more than $100.00 on defendant's attorney's fee; and (6) the refusal to require plaintiff to pay defendant's costs on appeal.

The evidence fully supports the court's finding of cruelty on the part of defendant. True, defendant, in her testimony, denied many of plaintiff's charges of cruelty. It was the trial court's function to resolve the conflict. The finding being supported by the evidence will not be set aside. I.R.C.P. 52(a).

Whether particular acts relied upon are sufficient to constitute extreme cruelty, within the meaning of the statute, is also to be resolved by the trial court from

all the facts and circumstances in evidence. This court will not disturb a finding thereon, unless the evidence supporting it is so slight as to indicate an abuse of discretion. Angleton v. Angleton, 84 Idaho 184, 194, 370 P.2d 788 (1962); Riggers v. Riggers, 81 Idaho 570, 347 P.2d 762 (1959); Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416 (1954); Hiltbrand v. Hiltbrand, 68 Idaho 275, 193 P.2d 391 (1948); Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94 (1917); DeCloedt v. DeCloedt, 24 Idaho 277, 133 P. 664 (1913).

█ The trial court did not err in dismissing defendant's counterclaims. Considering the allegation of the ground for annulment as enlarged by the proof under I.R.C.P. 15(b), it was still insufficient. There was no evidence that the alleged incapacity of the plaintiff continued or was incurable. Proof of these two conditions was required by the statute. I.C. § 32–501 (6).

█ Likewise regarding the defendant's allegation of cruelty as enlarged by the proof, the dismissal of this counterclaim was not reversibly erroneous. The trial court heard all of defendant's evidence. She was not restricted in her proof. The court's ruling indicated the proof was not regarded as sufficient. However, assuming defendant's evidence was sufficient to support a finding in her favor, she was not prejudiced by the court's ruling. She wanted the bonds of matrimony dissolved, either by annulment or divorce. She did not interpose her ground for divorce as a recriminatory defense against plaintiff's action for divorce. In the absence of a showing that she was prejudiced the judgment will not be reversed merely because the evidence would support a decree of divorce to both parties. Tilton v. Tilton, 85 Idaho 245, 378 P.2d 191 (1963). Cf. Howay v. Howay, 74 Idaho 492, 264 P.2d 691 (1953).

█ No children were born of the marriage, and no community property was acquired. A house trailer was awarded to plaintiff, as his separate property, and a Buick automobile was awarded to defendant, as her separate property, both in agreement with a stipulation of the parties. Plaintiff, husband, was required to pay all community debts. The court found, on substantial evidence, that the mixmaster was plaintiff's separate property. The sewing machine defendant claimed as a gift from plaintiff. Plaintiff's income was approximately $580.00 per month and defendant's income was approximately $324.-00 per month. The marriage endured only three months. During that time defendant made purchases on accounts charged to plaintiff in a total amount of approximately $1500.00, most of which was not authorized or permitted by plaintiff. Approximately $1000.00 of such debts was still owing by plaintiff at the time this court had under consideration defendant's motion for an award of costs and counsel fees for the prosecution of this appeal. We allowed defendant's costs in the amount of $81.55 for clerk's fee and transcript costs, and reserved ruling on the motion for counsel fees.

We conclude that the trial court did not err in refusing to require plaintiff to pay any unpaid balance on the purchase price of the sewing machine, or an additional amount for defendant's counsel fees. Defendant's motion for an allowance for counsel fees in this court is denied. Newell v. Sutphen, 76 Idaho 148, 153, 279 P.2d 405 (1955).

Judgment affirmed.

No costs allowed.

McFADDEN, C. J., and McQUADE, SMITH and SPEAR, JJ., concur.