810 P.2d 259

**Frances McDONALD,**
**Plaintiff–Appellant**

v.

**Robert C. PAINE, Parry Robertson, Daly & Larson, a partnership, and Does I through V, fictitiously named, Defendants–Respondents.**

**No. 18950.**

Supreme Court of Idaho,
Boise, January 1991 Term.

April 29, 1991.

Ellis, Brown, Sheils & Steele, Boise, for plaintiff-appellant. Stephen C. Brown argued.

Quane, Smith, Howard & Hull, Boise, for defendants-respondents. Thomas J. Ryan argued.

McDEVITT, Justice.

This is the saga of a woman who has spent over fourteen years in her quest to obtain what she perceives as her share of the marital estate. Having been unsuccessful in her efforts to obtain her desired relief against her ex-husband, Frances McDonald now seeks relief against the attorney who represented her in the divorce.

On March 3, 1947, Frances McDonald and Ray Barlow exchanged vows and became man and wife. On June 16, 1951, Nellie Barlow, Ray's mother, passed away. In her will, Nellie Barlow bequeathed to her son Ray, 20% of the family business holdings which included ranches in Idaho, Oregon, and Washington.

In 1963, the Barlow family patriarch, K.C. Barlow, began to fail in health. To insure a smooth transition of the family business, K.C. Barlow established the K.C. Barlow Revocable Trust on July 31, 1963. Into this trust K.C. Barlow transferred all of his business holdings. Ray and Frances Barlow also irrevocably transferred Ray's 20% inherited interest in the family business into this trust. In consideration of this transfer, the trust guaranteed Ray Barlow 30% of the trust corpus upon the death of K.C. Barlow.

On December 22, 1964, K.C. Barlow died. Upon the death of his father, Ray Barlow became irrevocably entitled to 30% of the K.C. Barlow trust corpus. This interest could not be diminished nor enhanced, his interest was subject only to liquidation of the trust assets, payment of expenses, and the eventual distribution of proceeds by the trustee.

While the trust instrument instructed the trustee to liquidate the trust as soon as possible, the trustee's efforts to marshall assets, liquidate those assets, and then make the mandated distributions took well over a decade to accomplish. During this time, the trustee managed the assets, received income, and paid necessary expenses.

It was also during this period that the marriage of Ray and Frances Barlow came upon hard times. On October 22, 1976, Ray Barlow filed for divorce from his wife.

Shortly after the divorce was filed and was still pending, the trustee finally began making distributions as required by the trust instrument. On December 29, 1976,

the trust made its first distribution of approximately $160,000 in cash and other consideration, to Ray Barlow. The divorce was granted on September 2, 1977, dissolving the marriage of Ray Barlow and Frances McDonald. After this date, the trustee continued to make distributions to Ray Barlow totaling approximately $315,000.

After the divorce was final and upon learning that she may have given away a substantial property interest, Frances McDonald filed an equitable action against Ray Barlow alleging fraud to justify modifying the divorce decree. The trial court ruled that a portion of the $160,000 distribution received prior to the divorce was community property and modified the decree. The Idaho Court of Appeals[1] reversed the trial court's decision and held that the divorce decree was *res judicata* as to the community property questions and that there was an insufficient showing to support a determination of fraud.

■ The present action was filed on August 28, 1979, and held in abeyance pending the equitable action against Ray Barlow. After the resolution of the appeal against her ex-husband, the plaintiff pursued this action against her attorney, Robert Paine. McDonald claims that she relinquished her property rights to her ex-husband's family trust on the advice of her attorney. Frances McDonald asserts that her attorney failed to inquire into the facts surrounding the trust, nor did he request a copy of the trust instrument from Mr. Barlow. Thus, Frances McDonald claims that her counsel failed to protect her community property interest in distributions made by the trust to Ray Barlow both before and after the divorce.

The trial court granted summary judgment in favor of the defendant and his law firm. The trial court determined that the distributions from the trust were the separate property of Ray Barlow so there was no damage in failing to seek more information concerning the trust. The Court of Appeals reversed and determined that part of the $160,000 distribution received by Mr. Barlow during the pendency of the divorce

proceedings was community property, but that any distributions received after the divorce were the separate property of Mr. Barlow.

The sole issue we confront in this appeal is whether the income, if any, earned by the trust on Ray Barlow's 30% share of the trust corpus, after the death of K.C. Barlow and before the divorce of Frances McDonald and Ray Barlow, is community property.

### STANDARD OF REVIEW

We begin our review by noting that in an appeal from summary judgment, our standard of review is the same as the standard of the trial court. *Meridian Bowling Lanes v. Meridian Athletic*, 105 Idaho 509, 670 P.2d 1294 (1983). Accordingly, we review the record and construe all facts in favor of the non-moving party to determine if there are material facts at issue that would preclude the grant of summary judgment.

Frances McDonald does not now dispute that the 20% of the family business that she and Ray Barlow transferred to the K.C. Barlow Trust was the separate property of Ray Barlow. The sole issue is how to treat the income earned by the trust. The plaintiff asserts that while the property transferred during the marriage to the trust was the separate property of Ray Barlow, pursuant to I.C. § 32–906 the income from this property is community property.

■ We first must discuss the status of the 20% that Ray and Frances Barlow transferred into the trust. While the trust was revocable, it was only revocable as to K.C. Barlow for the duration of his life. When the Barlows transferred this property into the trust, they lost all right and title to it. After the transfer, Ray Barlow had a mere expectancy of the right to possess and enjoy 30% of the trust corpus sometime in the future. There was no interest to which a community property interest could attach.

1. *McDonald v. Barlow*, 109 Idaho 101, 705 P.2d 1056 (Ct.App.1985).

The 30% of the trust corpus that Ray Barlow inherited upon the death of his father presents a more serious obstacle. Respondent argues for a "possession" theory. Under the possession theory, a community property interest would only attach to earnings after the property came into the actual physical possession of Ray Barlow. Thus, under this theory, no community property interest attached until Ray Barlow received the first $160,000 distribution, and then only the earnings on the $160,000 before the divorce was final would be community property; subsequent distributions after the divorce would be separate property. Frances McDonald urges us to adopt a "vesting" theory to characterize a portion of the distributions as community property. Under this theory, Ray Barlow's rights to 30% of the trust corpus vested immediately upon the death of his father; any earnings on the 30% interest inherited from his father before the divorce was finalized would be community property.

The problem of determining the status of property at a certain point in time was previously undertaken by this Court in determining when property was "acquired" for community property purposes. This Court has stated:

> The status of property as separate or community is fixed as of the time when it is acquired. The word 'acquired' contemplates the inception of title ... Stated in another way, the status of title, as belonging to one estate or the other is determined by the status of the original right matured into full title.

*Fisher v. Fisher*, 86 Idaho 131, 135–136, 383 P.2d 840, 842 (1963).

*Fisher* involved the purchase of a farm before marriage by the husband. After the marriage, payments on the farm were made with community funds. Upon divorce, the wife asserted that the farm was community property. The *Fisher* court held that the farm purchased by the husband was his separate property, subject to reimbursement to the community for payments made with community funds. The *Fisher* court did not look to when actual legal title was obtained, but when the property right in the farm was acquired. In that case, the husband acquired the property before marriage, so it was separate property and remained so during the marriage.

This rule of law to determine the character of property when it is acquired has been applied in various situations. Pension benefits which are earned during marriage are community property, even if not received until after marriage. *Shill v. Shill*, 115 Idaho 115, 765 P.2d 140 (1988); *Ramsey v. Ramsey*, 96 Idaho 672, 535 P.2d 53 (1975). A term life insurance policy, paid for with community funds during marriage, is community property. *Travelers Ins. Co. v. Johnson*, 97 Idaho 336, 544 P.2d 294 (1975).

In the instant case, Ray Barlow acquired a non-contingent right to 30% of the trust corpus immediately upon the death of his father. This right to 30% of the trust corpus could not be augmented nor diminished by the trustee. The only contingency was the ability of the trustee to sell the trust assets and make distributions "as soon as possible." From the time of K.C. Barlow's death, the trustee of the K.C. Barlow trust was under a legal obligation to render an accounting of the trust assets to the trust beneficiaries, *Matter of Trust of Grover*, 109 Idaho 687, 710 P.2d 597 (1985); and to distribute to Ray Barlow 30% of the trust corpus as required by the trust document. *Robertson v. Swayne*, 85 Idaho 239, 378 P.2d 195 (1963). Although possession was delayed until distribution, the right to 30% of the trust corpus was acquired immediately upon the death of K.C. Barlow. While the 30% interest acquired by Ray Barlow was his separate property, pursuant to I.C. § 32–906, the income from the date of death of K.C. Barlow on that 30% interest, if any, would be community property and should have been accounted for and divided upon the dissolution of the marriage of Frances McDonald and Ray Barlow. Therefore we hold that there was a triable issue of fact and summary judgment was improper.

Our holding today is consistent with our previous holdings in *Swope v. Swope*, 112 Idaho 974, 739 P.2d 273 (1987) and *Simplot v. Simplot*, 96 Idaho 239, 526 P.2d 844

(1974). The issue we faced in *Swope* was whether the retained earnings of a separate property partnership constituted income within the scope of I.C. § 32–906. This Court held that because a partner has the right to direct the payment of partnership earnings, the retained earnings were community property. This is analogous to the present case. The right to direct payment entails the right to receive those earnings, which is the precise issue we deal with today. Ray Barlow received by inheritance an absolute right to 30% of the K.C. Barlow Trust immediately upon the death of his father. In *Simplot* we held that because a minority shareholder did not have the right to direct payment of or exercise control over the corporation's retained earnings, the shareholder had not received those retained earnings. Without the right to receive the retained earnings, the retained earnings remained the property of the corporation.

In conclusion, we vacate the opinion of the Court of Appeals and reverse the decision of the district court. We remand this case to the district court for proceedings consistent with this opinion.

Costs to appellant.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.