448 P.2d 237

**Irene A. HAMMOND, Plaintiff-Appellant,**

**v.**

**Harley J. HAMMOND, Defendant-Respondent.**

**No. 10117.**

Supreme Court of Idaho.

Dec. 12, 1968.

**624**

J. H. Felton, Lewiston, for plaintiff-appellant.

Blake, Givens & Feeney, Lewiston, for defendant-respondent.

TAYLOR, Justice.

Plaintiff (appellant) Irene A. Hammond, and defendant (respondent) Harley J. Hammond, intermarried August 20, 1939. Of four living children, two were minors at the time this action was instituted.

December 6, 1966, plaintiff through her attorney, William Stellmon, brought this action for divorce on the ground of extreme cruelty. Defendant answered and counterclaimed for divorce, also on the ground of extreme cruelty.

Responsive to plaintiff's motion therefor, the court on March 6, 1967, ordered defendant to pay plaintiff temporary support and in addition temporary attorney's fees in the sum of $400.00.

March 7, 1967, the court granted Mr. Stellmon's motion to withdraw as plaintiff's counsel "on the grounds and for the reason that said plaintiff and said attorneys cannot agree on the subsequent actions to be taken and the methods to be followed in the prosecution and defense of defendant's counterclaim in the action." Thereafter present counsel J. H. Felton represented plaintiff.

The cause was tried before the court April 24 and 25, 1967, and additional evidence on the value of community property was introduced June 26, 1967. Judgment was entered August 1, 1967, granting a divorce to plaintiff on the ground of extreme cruelty, and awarding to her custody of the minor children.

The court found that the parties had acquired as community property all of the stock of the H. J. Hammond Company, a family-owned corporation; lots 14 and 15, in block 7, Town of Elk City, Idaho (each lot 50' x 150'); and miscellaneous items of household furniture and fixtures. The court also found that the H. J. Hammond Company owned various items of logging equipment; that the indebtedness of the company exceeded the value of its assets, making it difficult or impossible to divide in kind; that in lieu of division in kind, the plaintiff be awarded the items of household furniture and fixtures which she had in possession, and such other items as she may select; that in addition thereto plaintiff was awarded the sum of $12,000.00, payable in monthly installments of $200.00 each in lieu of a division of the balance of the community property.

Defendant was awarded the stock of the H. J. Hammond Company and the two lots in Elk City, and defendant was required to pay all community debts existing as of December 2, 1966, and to pay to the plaintiff $100.00 per month per minor child for child support. Defendant was also required to pay to plaintiff's attorney $1,000.00 as attorney's fees.

By her first two assignments of error, plaintiff contends that the trial court

forced her to go to trial without providing her with funds for the preparation of her case, and prevented her from access to community funds for the preparation of her case equal in amount to that available to and expended by defendant. Plaintiff cites no authority in support of this contention. No motion was made by plaintiff for an allowance by the court of funds to employ appraisers or accountants. The record shows that she was awarded $400.00 temporary attorney's fees prior to trial, and the further sum of $1,000.00 attorney's fees in the judgment. The advisory fee schedule of the Idaho State Bar Association suggests a minimum fee of $400.00 for a contested divorce action. Having regard to the circumstances of these parties, the nature of the issues involved, and the absence of a motion for additional expense allowance, we cannot say that the trial court abused its discretion by failing to award more than $1,400.00 for the services of plaintiff's attorneys. I.C. § 32–704, and Voss v. Voss, 91 Idaho 17, 415 P.2d 303 (1966).

Plaintiff also contends the trial court erred in failing to award to her at least one-half of the community property and that the court erred in failing to award to her more than one-half of the community property, the divorce having been granted on the grounds of extreme cruelty.

■ The statute provides that:

"1. The community property must be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, deems just, regardless of the ground or grounds on which the dissolution decree is rendered." I.C. § 32–712

Under this statute we have said that the trial court is vested with the discretionary power to assign the community property in such proportions as the court deems just. Loveland v. Loveland, 91 Idaho 400, 422 P.2d 67 (1967).

■ Plaintiff has not demonstrated any serious inequity in the court's distribution of the community property. Ample opportunity was afforded for the presentation of evidence at the trial on the value of community assets and also upon the adjourned hearing in June, two months later, and on this appeal. Nor has plaintiff supported her claim of inequity by argument based upon the record. The records of the company were available to plaintiff and to her attorney for examination and copying at least as early as April 24, 1967, and two months prior to the closing of testimony at the final hearing on June 26. Error will not be presumed by this court on appeal, but must be affirmatively established by the appellant upon the record. State v. Polson, 92 Idaho 615, 448 P.2d 229, December 9, 1968; Morrison v. Quality Produce, Inc., 92 Idaho 448, 444 P.2d 409 (1968).

■ The trial court did not find separately the specific values of the items of community property. This omission has not been assigned as error, nor has any authority or argument been directed thereto by plaintiff. Under such circumstances the court's action, or lack thereof, will not be reviewed. Supreme Court Rules, rule 41; Byington v. Clover Club Potato & Produce Company, 91 Idaho 165, 418 P.2d 206 (1966).

■ There is evidence in the record which, if believed, would indicate that the award to plaintiff of $12,000.00 in addition to the items of furniture and fixtures would constitute more than one-half the value of the community property.

■ The plaintiff also asserts that:

"The Court erred in considering and using as a basis for its decision a number of appraisals which were never admitted into evidence and at the time the court started using them were supported only by hearsay testimony."

This assignment of error does not appear to be in accord with the record and we do not find in plaintiff's brief, or reply brief, either citations of authority or argument in support thereof. Hence, the alleged error will not be reviewed. Supreme Court Rules, rule 41; State v. Polson, supra;

Vaughn v. Vaughn, 91 Idaho 544, 428 P. 2d 50 (1967).

■ Lastly, plaintiff contends that:

"The Court erred in accepting the figures of an accountant which were not compiled from original sources and were never supported by the original record of the business."

Again, this assignment is not supported by authority. However, in the reply brief there is argument to the effect that defendant's exhibits B, C, and D should not have been admitted into evidence. These exhibits were a statement of the financial condition of H. J. Hammond Company as of November 30, 1966; a statement of the net worth of Harley J. Hammond as of November 30, 1966; and a statement of financial condition of the H. J. Hammond Company as of June 30, 1966. These exhibits were introduced into evidence through the witness Donald E. Fairley, a certified public accountant. The witness testified that each statement had been prepared by him with the assistance of the bookkeeper of the H. J. Hammond Company, in the ordinary course of business of and for the company and from the books and records of the company. No attempt was made to contradict Mr. Fairley in this connection. Hence, the exhibits were admissible as business records. I.C. §§ 9–413 and 9–414.[1]

■ Plaintiff argues that the exhibits were not admissible because each bore a written proviso to the effect that the accounting firm preparing the statement had not audited the figures used and consequently expressed no opinion thereon.

Such a reservation affects the weight to be given the evidence, rather than its admissibility. Moreover, plaintiff offered in evidence a similar financial statement (plaintiff's exhibit 3) prepared by the same accounting firm and containing a similar limitation. The action of the court on this offer does not appear from the record. However, the offer would indicate that plaintiff's counsel believed it to have some evidentiary value.

■ Plaintiff has made a motion in this court to strike from the record what has been labeled as Vol. 1 of the transcript. This volume contains (1) certificate signed August 8, 1968, by the district judge and made pursuant to Supreme Court Rule 35; (2) transcript of certain proceedings had March 3, 1967; (3) reporter's certificate dated September 23, 1968; (4) receipt signed September 23, 1968, by counsel for the respective parties thereto. This volume of the transcript was filed in this court September 24, 1968, approximately two weeks before this cause was heard on oral argument. It does not appear which party thus attempted to augment the record. However, the procedure provided by Supreme Court Rules, rule 37, was not followed. The offending papers are deemed stricken from the record and have not been considered in our determination of the issues.

Judgment affirmed.

No costs allowed.

SMITH, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.

---

1. "The term 'business' shall include every kind of business, profession, occupation, calling or operation of institutions, whether carried on for profit or not." I.C. § 9–413.

"A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to the identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." I.C. § 9–414.