453 P.2d 569

Robert D. HUSKINSON, Plaintiff-Respondent,

v.

Dorothy C. HUSKINSON, Defendant-Appellant.

No. 10328.

Supreme Court of Idaho.

April 28, 1969.

Baum & Peterson, Pocatello, for appellant.

St. Clair, St. Clair, Hiller & Benjamin, Idaho Falls, for respondent.

McFADDEN, Chief Justice.

Robert D. Huskinson and Dorothy Huskinson were married on August 20, 1953. Two children were born to them, a daughter and a son, ages 12 years and 4 years, respectively, at the time of the decree in this case.

On May 10, 1968, Robert D. Huskinson instituted this action for divorce, on the grounds of extreme cruelty, and Mrs. Huskinson answered the complaint and counterclaimed for separate maintenance. The district court conducted a trial of the issues, and findings of fact, conclusions of law and a divorce decree were entered in August of 1968. The husband was granted a divorce and custody of the two minor children was awarded to the wife. The husband was required to pay support money for the minor children and support money to the wife for a period of six months. The trial court also divided certain property.

The appellant wife has appealed from the findings of fact, conclusions of law, and judgment. On this appeal she does not question the dissolution of the marriage, or any of the provisions of the decree concerning the custody of and support for the minor children, or any of the provisions therein concerning her support. Her as-

signments of error are directed solely to the valuation and distribution of certain items of property by the trial court.

In her first assignment of error, appellant asserts that the trial court erred in awarding what is referred to as the Teton Basin property to the respondent. The Teton Basin property was purchased in December 1967 by the respondent and his brother from a Mr. Peterson for $18,000. Respondent borrowed $9,000 from a local bank to pay his half of this purchase price. This loan was still unpaid at the time of trial. The property was stocked with about seventy head of cattle, owned one-half by respondent and the other one-half by his brother. These cattle were also purchased with money borrowed from the local bank, which note was also unpaid at the time of trial. Respondent, at the trial on August 5, 1968, testified that at that time he still owed the entire amount paid for the property and cattle.

The trial court in a memorandum opinion, stated that " * * * the Teton Ranch and the cattle owned by the plaintiff and his brother, Ralph, is a gamble and worth about what is in them. Whatever equity there is in the ranch and cattle will be awarded to the plaintiff." In the conclusions of law, it is stated: "That the Teton Basin property interests and the cattle interests owned by the plaintiff and his brother, Ralph Huskinson, are awarded to the plaintiff subject to all encumbrances thereon." The judgment awarded this property to respondent, subject to outstanding encumbrances.

■ The facts concerning the Teton Basin property are undisputed from the record. No objection was made to the admission of the respondent's testimony. Considering the short time that respondent owned the Teton Basin property, and under the state of the record, no error appears in the trial court's disposition of this property. I.C. § 32–712, Meredith v. Meredith, 91 Idaho 898, 434 P.2d 116 (1967); Loveland v. Loveland, 91 Idaho 400, 422 P.2d 67 (1967).

In its judgment, the trial court provided: "That the Rexburg residence which has an equity of approximately $10,000 shall immediately be sold and the equity divided equally between the parties unless some other agreement is reached between the plaintiff and defendant with respect to the disposition of this property. Until such sale, the plaintiff will make the payments and maintain the premises; all advances for the foregoing purposes will be deducted from the sale price of the residence and refunded to the plaintiff before the equity is divided."

In the trial court's memorandum it is stated:

"The payments on it [the Rexburg home] are $135 per month on a balance of about $16,500 on an original price of $26,500. The cost of keeping this home up would be prohibitive, so unless otherwise agreed between the parties it will be sold at the earliest possible date and the equity divided evenly between the parties."

However, there is no finding of fact in this regard.

At the time of the trial, appellant was unemployed. She had the prospect of being employed as a school teacher at a salary of approximately $5,000.00 per year. The trial court was apprehensive that attempting to maintain a home of this type would be beyond the financial capabilities of appellant. In order to alleviate this problem, the trial court left it optional with the parties to attempt to reach an agreement as to disposition of the property. Whether there was such an agreement, or any attempt to reach such agreement, would not and does not appear from this record, as such negotiations could only take place after entry of the decree, and the facts in this record are only those developed at the trial. This approach to the problem by the trial court does not appear to be unreasonable, nor does it reflect an abuse of discretion.

Appellant contends, however, that the court nonetheless erred in ordering an "immediate" sale of the house. Citing Rose v. Rose, 82 Idaho 395, 353 P.2d 1089 (1960),

appellant maintains that the trial court should have retained jurisdiction of the cause and provided for an appraisal and sale if the parties failed to reach an agreement between themselves. In Rose v. Rose, supra, this court noted that

"The court by its decree allowed the party [sic: parties] thirty days within which to arrive at an agreement as to a division or disposition of the property, retaining jurisdiction in the event of their inability to agree, and provided for appraisement and sale as authorized by I.C. § 32–713." 82 Idaho at 400, 353 P.2d at 1092.

In the present case the trial court ordered an immediate sale of the home unless the parties could agree on some other disposition of the property. An immediate sale is not compatible with an attempt by the parties to reach an agreement, and these provisions are contradictory in effect. Better practice would have been for the trial court to have granted such time as it deemed reasonable for the parties to attempt to reach an agreement, retaining jurisdiction during this period to approve any such agreement of the parties, or if no agreement is reached by the parties during this period, to enter its order for sale at that time. Rose v. Rose, supra.

■ It is our conclusion, however, that no prejudicial error resulted from this provision of the decree. The decree was entered on August 23, 1968, and the notice of appeal was filed on October 14, 1968. The record is silent as to any request by appellant subsequent to the decree for additional time within which to arrive at another agreement. Under these circumstances no prejudicial error appears.

Appellant's third assignment of error relates to the court's order that the parties' furniture be sold and the proceeds divided equally. The decree provides:

"That the furniture and fixtures accumulated by the parties shall be sold unless the parties can agree upon an equitable division of same with the proceeds being divided equally between the parties; said furniture and fixtures were valued at $5,000.00, at the time of trial and either party wishing to purchase all of said fixtures may purchase them for the $5,000 figure, which purchase price would then be divided equally between the parties."

This provision is identical to one of the conclusions of law.

The trial court in its memorandum opinion stated that the furniture and fixtures were

"probably too extensive for a smaller but adequate place for the children and defendant to live in so unless the parties can agree upon an equitable division thereof at the time the house is sold the furniture and fixtures will be sold and the proceeds divided between the parties."

However, there is no actual finding of fact in that regard to sustain the trial court's conclusion of law as to the necessity of selling this personal property as opposed to dividing it in kind. Neither is there any provision as to the time within which the parties shall attempt to reach an agreement.

■ The express terms of the decree as to this personal property are somewhat vague. Here again, however, for the reasons pointed out in regard to the provisions of the decree dealing with the parties' home, the record fails to establish any prejudicial error.

Finally the appellant argues that the district court erred in its valuation of the parties' community interest in the family corporation. She does not contest the award of this property to the respondent, but she maintains that the court understated its value and that consequently the $7,000 which the court ordered the respondent to pay to her does not adequately compensate her for her interest. The court found that the community interest in the corporation was worth approximately $14,-000. This finding is based upon certain financial statements introduced into evidence and the testimony of the respondent. The appellant testified that she did not participate in family financial matters and

that she had no knowledge as to the value of her interest in the corporation.

The evidence discloses that the parties' interest as of December 31, 1967 was $33,590.73. This interest was subject to a $25,000 debt owed to respondent's father, who had advanced the money for the respondent's one-third interest in the enterprise. The appellant contends that the court should not have considered this debt in determining the value of the parties' equity because the only evidence regarding its existence was the respondent's testimony. The appellant testified that she had no knowledge one way or the other as to its existence. It is, however, the trial court's function to determine the credibility of witnesses. Huppert v. Wolford, 91 Idaho 249, 420 P.2d 11 (1966); Corthell v. Pearson, 88 Idaho 295, 399 P.2d 266 (1965); Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788 (1962). No ground for reversal is presented by the fact that the trial court chose to believe the respondent. Fisher v. Fisher, 86 Idaho 131, 383 P.2d 840 (1963). The appellant also maintains that the court erred in allowing the respondent to testify as to the amount of the note because the note itself is the best evidence of its amount. See I.C. § 9–411. There was, however, no objection to this testimony at the trial and therefore this issue cannot be raised for the first time on appeal. Ford v. Connell, 69 Idaho 183, 204 P.2d 1019 (1949); Crosby v. Putnam, 89 Idaho 45, 402 P.2d 389 (1965); Neff v. Hysen, 72 Idaho 470, 244 P.2d 146 (1952); Blue Note, Inc. v. Hopper, 85 Idaho 152, 377 P.2d 373 (1962); McLean v. City of Spirit Lake, 91 Idaho 779, 430 P.2d 670 (1967).[1]

Relying heavily upon Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416 (1954), the appellant contends that the trial court should not have considered the accounting records introduced into evidence by the respondent because these records were prefaced by the notation "Prepared from your records on the cash basis without audit." Appellant contends that under this court's decision in Gapsch v. Gapsch, supra, any opinion as to valuation drawn from such records is only speculation and conjecture and should not be considered. In Gapsch v. Gapsch, however, this court was careful to point out that the opinion drawn from those accounting records was contradicted by opposing evidence and, indeed, was not even supported by the undisputed evidence in the case.

The value of a corporation can be proved from the financial records of the corporation. Loveland v. Loveland, 91 Idaho 400, 422 P.2d 67 (1967); Hammond v. Hammond, 92 Idaho 623, 448 P.2d 237 (1968). In Hammond v. Hammond, supra, the appellant also contended that financial records prepared without audit could not be admitted into evidence. This court held, however, that the lack of an audit went only to the weight of the evidence, not to its admissibility. We also pointed out in that case that the financial records of the corporation were available to the appellant for inspection and copying and the fact that she failed to do so did not prevent the court from considering the records tendered by the respondent. In the present case the appellant presented no evidence as to the value of the corporation, even though she could have inspected and copied the company's records. In fact, the present case reveals that appellant was willing to rely on the records offered in evidence by the respondent.

We find no merit in appellant's contention that the trial court had insufficient evidence upon which to value the parties' equity in the corporation. The court had before it the financial records presented by the respondent and his testimony. Considering the entire record, we cannot say that the trial court undervalued the appellant's interest.

There is substantial, competent evidence to support the trial court's judgment, and it is well settled that under such cir-

---

[1]. It is to be noted that appellant's counsel on this appeal did not participate in the trial of this cause.

cumstances this court will not interfere. Meredith v. Meredith, 91 Idaho 898, 434 P.2d 116 (1967); Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416 (1954); Fairchild v. Mathews, 91 Idaho 1, 415 P.2d 43 (1966).

The judgment is affirmed. Costs to respondent.

McQUADE, DONALDSON, SHEPARD and SPEAR, JJ., concur.