480 P.2d 891

**Janet G. CHUGG, Plaintiff-Respondent,**

v.

**Raymond J. CHUGG, Defendant-Appellant.**
**No. 10480.**

Supreme Court of Idaho.
Feb. 9, 1971.

**46**

Frank M. Rettig, Jerome, for defendant-appellant.

Benoit, Benoit & Alexander, Twin Falls, for plaintiff-respondent.

McFADDEN, Justice.

On Rehearing

The petition for rehearing of Raymond J. Chugg, the defendant-appellant, was granted and certain limited aspects of the appeal were re-argued.

This action for divorce was instituted by the plaintiff, Janet G. Chugg, against her husband, Raymond J. Chugg, the defendant. By her complaint, the plaintiff sought a dissolution of the marriage on the grounds of extreme cruelty, custody of the two minor children, division of the community property, and alimony and support for the minor children. Defendant answered his wife's complaint, denying the allegations of extreme cruelty and other allegations of her complaint, and by counterclaim also sought division of the parties' property and prayed that the divorce be awarded to him on the grounds of extreme cruelty inflicted upon him by his wife. In his counterclaim he acknowledged that the minor children should be in his wife's custody and that he was agreeable to paying support for each of the two minor children during their minority.

Following a trial on the issues presented by the pleadings, the court, sitting without a jury, entered its findings of fact, conclusions of law and judgment granting a divorce to the plaintiff on the grounds of extreme cruelty. The court divided the community property between the parties, awarding each of the parties as his or her separate property that personal property then in his or her possession. The court awarded the real property (ranch property) and the pumps and sprinkler system to the defendant, who was ordered to pay to the plaintiff for her interest the sum of $37,117.67, in six annual installments of $6,186.28 plus accrued interest at 6% per annum. Custody of the two minor children was awarded to the plaintiff, and the defendant was ordered to pay $125.00 per month for the support of each of the two children. The oldest child had reached

majority at the time of this appeal.[1] The court also awarded plaintiff alimony at the rate of $450.00 per month, and in the event of her remarriage the alimony was to terminate.

Defendant timely filed a motion to delete or amend the findings of fact and conclusions of law and a motion for new trial. The trial court, after hearing the parties, amended certain findings and conclusions and entered its amended decree of divorce. The principal effect of the amendment to the decree was to limit the monthly alimony payable to plaintiff to a period ending in June 1975, unless the plaintiff should sooner die or remarry.

Following entry of the amended decree this appeal was perfected by the defendant. By his assignments of error, which are directed to specific findings of fact and conclusions of law, the defendant questions the correctness of the trial court's decision in three areas: (a) the award of divorce to the plaintiff instead of to the defendant; (b) the award of alimony to plaintiff; and (c) the valuation placed on the community property of the parties. Error is also assigned to the denial of defendant's motion to delete or amend the findings of fact and conclusions of law and to the denial of his motion for new trial.

Two findings of fact assigned as error pertain to the grounds for awarding the divorce to the plaintiff rather than to the defendant. Recitation of the specific facts appearing in the record which support the challenged findings of fact would add nothing to this opinion. Suffice it to say that this case was ably presented to the trial court by counsel representing both parties, and the facts, and each party's version of them, were fully developed for that court's consideration.

■ The defendant argues that cruelty provoked by the complaining party's own misconduct is not cruelty within the meaning of the statute specifying the grounds

for divorce. See Hiltbrand v. Hiltbrand, 68 Idaho 275, 193 P.2d 391 (1948); Parks v. Parks, 91 Idaho 420, 422 P.2d 618 (1967). In Spofford v. Spofford, 18 Idaho 115, 108 P. 1054 (1910), this court stated:

> "The party to the marital contract, who by his acts and conduct thus invites a remonstrance, protest, or demonstration from the other party to the contract, must expect to exercise a degree of patience and forbearance which the law and good morals would not expect of him under more favorable circumstances." 18 Idaho at 120, 108 P. at 1056.

Even if it could be said that plaintiff's conduct imposed upon her the obligation to exercise more patience towards her husband than ordinarily would be expected, it cannot be said that she must subject herself to the physical violence which occurred in this case. The cases cited by defendant which denied a divorce on the grounds that the alleged cruelty was provoked by the complainant did not involve the physical violence involved here. Moreover this court has stated that the provoking party need not endure the reprisal forever. Spofford v. Spofford, supra. In Hiltbrand v. Hiltbrand, supra, this court stated:

> "No fixed legal rule for determining the existence of extreme cruelty in any given case can be laid down. The judge who tries the case and has the parties before him for observation in the light of the evidence, is the one to whom the law commits in the first instance, the determination of whether or not extreme cruelty has been established, and this court will not disturb the findings of the trial court unless there has been a want of ordinary good judgment and an abuse of discretion by that court." 68 Idaho at 279–280, 193 P.2d at 393.

See also Huskinson v. Huskinson, 92 Idaho 920, 453 P.2d 569 (1969); Parks v. Parks,

---

1. The decree also recited that the defendant, pursuant to his agreement in open court, was to pay medical expenses for the children during their minority and pay for further education they might desire following high school.

supra; Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788 (1962).

The trial court found in favor of the plaintiff, and against the defendant, on the issue of extreme cruelty, stating

"None of defendant's inferences and implications of misconduct on the part of plaintiff were established; in fact, such inferences are rebutted by substantial and credible evidence."

We find no error in this regard.

■ Concerning the valuation of the parties' property by the trial court, which formed the basis for that part of the judgment ordering the defendant to pay plaintiff the sum of $37,117.67 in six annual installments, the record reflects that the trial court had before it evidence which came basically from three sources. First a certified public accountant submitted two balance sheets as of September 30, 1968, one using an accelerated method of depreciation and reflecting a net worth of $60,-186.33, and the other using straight line method of depreciation and reflecting a net worth of $66,592.83. This accountant, in arriving at these net worth figures, deducted some $14,392.43 for income tax for 1968. The copy of the 1968 tax return, however, reflected that only about $1,700.-00 tax was paid. Secondly, the court had before it a financial statement submitted by the defendant to his bank as of November 1967, which reflected that the real estate owned by the parties was worth $121,640.00, subject, however, to a mortgage of $32,000.00. Third, the trial court had before it the testimony of a real estate appraiser, who appraised the value of the property, buildings, pump and sprinklers to be $83,000.00, subject, however, to the same $32,000.00 mortgage. The trial court disregarded the testimony of this appraiser.

Valuation of any property is a relatively imprecise procedure. Different appraisers and witnesses naturally assign different valuations to the same items of property, and when the tribunal which has to make the ultimate determination as to valuation is faced with such variations it must re-solve the conflicts. The record supports the valuation arrived at by the trial court and hence, it will not be disturbed by this court on appeal. Huskinson v. Huskinson, 92 Idaho 920, 453 P.2d 569 (1969). See also State ex rel. Rich v. Sweet, 82 Idaho 191, 351 P.2d 230 (1960); Zollinger v. Big Lost River Irrigation Dist., 83 Idaho 411, 364 P.2d 176 (1961). It is recognized that I.C. § 32–714 makes the disposition of community property by the trial court subject to revision on appeal; nevertheless, unless the trial court abused its discretion, it will not be overturned. Davis v. Davis, 82 Idaho 351, 353 P.2d 1079 (1960).

Insofar as the award of alimony is concerned, the trial court, on defendant's motion, reduced this award from a permanent award to one which terminates after June, 1975. Defendant relies heavily upon Saviers v. Saviers, 92 Idaho 117, 438 P.2d 268 (1968); and Phillips v. Phillips, 93 Idaho 384, 462 P.2d 49 (1969), as authority that no alimony should be awarded. In both cases the trial court *denied* alimony to an ex-wife. These cases, however, are distinguishable from the case at bar. In Saviers v. Saviers, supra, the wife was a licensed architect and thus capable of supporting herself. In Phillips v. Phillips, supra, this court upheld modification of a divorce decree excluding alimony, noting that since the divorce the former wife had become trained and educated and had additional income from investments and property awarded in the prior decree. Moreover, the husband's income in that case had materially declined since the divorce decree was entered.

■ The trial court ordered defendant to pay plaintiff $450.00 per month as alimony from the time of the decree until the June 1975 payment, unless the plaintiff should sooner die or remarry. In the findings of fact the trial court determined that defendant's income as a livestock buyer had gone up from $5,200.00 in 1951 to $43,031.31 in 1968 and further, that the parties' standard of living had raised. During the separation of the parties the court determined that over a six month pe-

riod plaintiff's average spending for her living expenses was $720.23 per month; that plaintiff earns $190.52 per month as secretary of a family owned corporation and $44.50 per week as a clerk in a temporary job, and that she had no special training. In the conclusions of law the court determined that plaintiff was entitled to $450.00 per month until June 1975, and that this will enable plaintiff to finish two years of high school or its equivalent and four years of college.

These findings of fact, however, fail to reflect what expenses and payments the defendant is obliged to make and are insufficient to determine whether such an award is reasonable in this case. The record discloses that while defendant's *gross* income as a livestock buyer materially increased over the years, there is no determination as to his *net* income. The record discloses that defendant was obligated to pay plaintiff $125.00 per month support for his oldest child until she reached majority; that the younger child, a boy, was attending a military school for which defendant paid an entrance fee and $100 per month. The defendant further was obligated to pay the plaintiff annual payments on her share of the community property, plus interest, and make annual mortgage payments of about $2,800.00 per year.

Under this state of the record with no determination by the trial court of the defendant's net income as opposed to gross income, and no determination of the amount of money available to defendant to apply towards alimony, nor a determination as to the actual needs of the plaintiff in relationship to the funds available to defendant, this court cannot evaluate the propriety of the conclusions of law and decree concerning alimony. It is for this reason that that portion of the judgment must be reversed and the cause remanded for more explicit findings of fact as concerns the issue of alimony in this case.

It is recognized that this case was initially tried in March of 1969. During the interim, doubtless, the situations of the parties have changed, and the trial court may determine that additional evidence should be submitted to the court in order to properly determine this issue.

■ Defendant's assignments of error directed to the trial court's denial of his motion for new trial and motion to amend findings encompass the same areas previously discussed herein. In the motion for new trial it was claimed that there was newly discovered evidence which could not with reasonable diligence have been produced at the trial. The record, however, does not reveal what this evidence was or its bearing on the issues before the court. The defendant has failed to show an abuse of discretion by the trial court in denying the motion for new trial. Mattson v. Bryan, 92 Idaho 587, 448 P.2d 201 (1968); Blaine v. Byers, 91 Idaho 665, 429 P.2d 397 (1967).

■ The defendant has also assigned error in admitting certain rebuttal testimony by the plaintiff. This assignment of error, however, is not supported by brief or argument and consequently will not be considered. Gem-Valley Ranches, Inc., v. Small, 90 Idaho 354, 411 P.2d 943 (1966); Weaver v. Sibbett, 87 Idaho 387, 393 P.2d 601 (1964).

That portion of the judgment and decree concerning the award of the divorce to the plaintiff and the allocation of the community property of the parties is affirmed. That portion of the judgment as to the alimony is reversed and the cause remanded for further proceedings in conformity with the views expressed in this opinion. No costs allowed.

McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.