481 P.2d 608

Regena Dutton BERKLUND, a/k/a Jean Dutton Berklund, Plaintiff-Appellant,

v.

William E. BERKLUND, Defendant-Respondent.

No. 10642.

Supreme Court of Idaho.

Feb. 23, 1971.

Peter G. Leriget, Moscow, and William J. Dee, Grangeville, for plaintiff-appellant.

J. H. Felton, Lewiston, for defendant-respondent.

McFADDEN, Justice.

The initial basis of this litigation was a decree of divorce entered by the trial court in 1967, wherein the community property of the·parties was distributed, temporary custody of the minor children awarded to William E. Berklund (defendant-respondent), the father of the children, and the parties divorced.

Subsequent to the decree of divorce, problems arose between the parents regarding visitation of the children by Mrs. Berklund (plaintiff-appellant), the mother, which culminated in an order of the trial court on April 16, 1969. The order reaffirmed the decree that custody of the minor children be retained by the husband, but also ordered that the mother could have the five youngest children with her in

her Cottonwood home for four weeks in June and July of 1969 and for one week each year beginning on Christmas Day, and that Robert, a boy of college age, could visit his mother during Christmas but not in the summer as he would be employed. It was further ordered that the father should deliver and pick up the children. Certain conditions were imposed upon the mother concerning her conduct during the time the children were with her. Generally, these conditions were: that she should not consume or keep in the home alcoholic beverages or frequent taverns; that she should devote her time with the children; that she should not discuss the father or his present wife with the children.

On December 8, 1969, just prior to the Christmas visitation of the children pursuant to the modification order of April, 1969, the respondent filed and served a motion, supported by his affidavit, for relief from the visitation order of April, 1969. The appellant moved to strike respondent's affidavit and filed a counter affidavit, generally denying statements in respondent's affidavit. The trial court denied appellant's motion. Following a hearing where both parties testified, the trial court entered findings of fact, conclusions of law and its order, from which order this appeal was taken. The order terminated all visitation rights authorized in the April, 1969, order, and reaffirmed the custody of the minor children in the father and continued

"IT IS FURTHER ORDERED that the plaintiff shall have no visitation rights with the five youngest children until further order of this Court.

"The court recognizes that Robert Edward Berklund [who was attending college] has reached an age where he is competent to choose what, if any, visitation he may have with his Mother.

"IT IS FURTHER ORDERED that the Court will not consider any application for visitation rights on the part of the plaintiff unless and until she shall have made a serious effort to rehabilitate herself and change her present way of life."

Appellant has assigned error to the specific findings of the trial court and to its conclusion of law. The substance of these assignments of error is that the trial court erred in not denying respondent's motion for an amendment of the prior order.

The record before this court and the briefs submitted by the parties reflect that since the initial decree of divorce the question as to the custody and visitation of the children has been before the trial court on several occasions, and that at least on one occasion the appellant was held in contempt of court for reasons not specifically disclosed. At the hearing below in this present appeal, each of the parties was cross-examined on his affidavit, and was also examined by the court. The examination of the parties went beyond the narrow issues of fact raised by the affidavits of the parties without any objection by either party.

Without reciting the facts in detail, the record discloses that subsequent to the April, 1969, modification order the respondent and his family moved from Moscow, Idaho, where he previously resided, to Hall, Montana, for business reasons. This move to Montana magnified the burden of respondent in taking the children to visit with their mother. Also, the trial court in its remarks was critical of the appellant's failure to conform to the conditions in the April, 1969, order, which it had imposed upon her while she was caring for the children. The record reflects that appellant had failed to disassociate herself from another individual with whom she had kept company and that she had not obtained employment. The findings of fact, while not explicit in some details, are supported by the evidence.

Appellant argues that there is insufficient change of circumstances to justify the modification of the order insofar as the visitation rights are concerned. However, it is implicit in the trial court's find-

ings of fact that the best welfare of the children required the modification of this order. Appellant is overly critical in evaluation of the terms of the order of December 29, 1969, and refuses to realize that this court cannot turn back the calendar and restore to her the visitation rights for the week at Christmas of 1969. The order of the trial court recognized that if there were a showing on appellant's part of serious effort to rehabilitate herself and change her present way of life that an application for visitation rights by her would then be seriously considered.

In prior cases involving custody of children, this court has steadfastly adhered to the principle that the best interest of the child is the controlling consideration. Bryant v. Bryant, 92 Idaho 76, 437 P.2d 29 (1968); Saviers v. Saviers, 92 Idaho 117, 438 P.2d 268 (1968). Visitation by a parent with children in the custody of the other parent is recognized as an important part in the life of any child and only under extraordinary circumstances should it be denied. Soderburg v. Soderburg, 78 Idaho 177, 299 P.2d 479 (1956); Wilson v. Wilson, 73 Idaho 326, 252 P.2d 197 (1953). By the provisions of I.C. § 32–705 the question as to disposition of children is, in the first instance, in the discretion of the trial court and, unless such discretion is abused, judgment will not be disturbed. Fish v. Fish, 67 Idaho 78, 170 P.2d 802 (1946); Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94 (1917).

■ The trial court in the divorce decree awarded custody of the minor children to the respondent. This order was subsequently modified allowing appellant to have visitation privileges for limited periods. There is nothing specific in the record that would indicate why this was done, nor why she was deprived of the custody in the first instance. After the hearing before the court in December of 1969, these visitation rights were suspended until such time as appellant should "rehabilitate herself and change her present way of life."

Under this state of the record this court cannot say that the trial court erred in entry of the order appealed from. Error will not be presumed but must be shown affirmatively by the record. Gardner v. Fliegel, 92 Idaho 767, 450 P.2d 990 (1969); Hammond v. Hammond, 92 Idaho 623, 448 P.2d 237 (1968). The record does not contain any recitation of facts before the court at the time bearing on the previous modification order of April, 1969. Without such facts as a basis to determine whether there has been a "change of condition," appellant has failed to show error on the part of the trial court, and the order must be affirmed.

■ One other item is worthy of comment. Respondent moved to dismiss appellant's appeal for her failure to comply with the provisions of Supreme Court Rule 35. That rule requires a certificate be filed and made a part of the appellate record enumerating the papers submitted to and used by the trial court in conjunction with the consideration of a contested motion. Failure to comply with this rule leaves this court without instruments that may be necessary for a full consideration of the issues presented by an appeal from a contested motion. This is particularly true in consideration of petitions for modification of divorce decrees, because the essence of any application for modification of a decree is the record supporting the prior order or decree sought to be modified. In the instant case, however, the order sought to be modified was before the court, although we have not been favored with the record of the factual basis for such order. Here, there was a failure by appellant to comply with Rule 35 and prejudice, if any, fell on appellant (not respondent). The motion to dismiss is denied.

The order is affirmed. Costs to respondent.

McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.