522 P.2d 788

**Louise PARKER, Respondent,**

v.

**Fred PARKER, Appellant.**

**No. 11470.**

Supreme Court of Idaho.

May 16, 1974.

Rehearing Denied June 14, 1974.

Lloyd J. Webb, Webb, Pike, Burton & Carlson, Twin Falls, for appellant.

Robert J. Koontz, Elam, Burke, Jeppesen, Evans & Boyd, Boise, for respondent.

SHEPARD, Chief Justice.

This is an appeal from a judgment and decree of divorce in which the primary question is the valuation and division of the principal community property asset of the parties, a ·60-acre tract of real property.

Plaintiff-respondent Louise S. Parker, 60 years of age, sought a divorce from her husband of 40 years, defendant-appellant Fred Parker, 69 years of age. The district court granted the wife a divorce on the ground of irreconcilable differences and determined that the parties' community property should be divided equally.

The principal area of dispute between the parties concerns a 60-acre tract of land located south of Hailey, Idaho. That property had been acquired by the parties prior to their separation, apparently fully paid for and free of any encumbrance, and for the preceding nine years the parties had resided and conducted a community property cattle feeding business thereon.

It was zoned for low density residential use and a portion bordered on the Wood River (apparently incorrectly described in the findings of the district court as the Little Wood River instead of the Big Wood River).

At trial the parties sought to establish the value of the disputed property and offered the testimony of expert witnesses. Those opinions varied from a low estimate of $47,500 on the part of appellant to high estimates of $170,275–$178,000 on behalf of respondent. That expert testimony conflicted both as to the extent, if any, that proximity to the river would hinder potential development and also as to which recent sales of land in the area were most nearly comparable to that of the parties.

The district court found that the value of the real property of the parties was $140,000. Appellant contends that this figure is not supported by the evidence. We note that none of the testimony of the experts on comparable sales involved parcels of property identical to the property of the parties. Some were different in terms of acreage or topography and some sales occurred shortly before trial while others were more remote in time. The district court obviously gave greater weight to certain portions of testimony than was given to other testimony, all of which was completely permissible. There was substantial and undisputed testimony regarding the rapidly increasing land values in the area.

█ This court stated in Chugg v. Chugg, 94 Idaho 45, 480 P.2d 891 (1971):

"Valuation of any property is a relatively imprecise procedure. Different appraisers and witnesses naturally assign different valuations to the same items of property, and when the tribunal which has to make the ultimate determination as to valuation is faced with such variations it must resolve the conflicts."

The valuation of the district court herein is not clearly erroneous and is supported by substantial, competent although conflicting evidence; therefore it will not be disturbed on appeal. I.R.C.P. 52(a); Chugg

v. Chugg, *supra*; Huskinson v. Huskinson, 92 Idaho 920, 453 P.2d 569 (1969).

In an attempt to provide for the disposition of the parties' community interests in the real property the district court provided for three alternative means of disposition. The first alternative was to permit the purchase by one spouse of the other's $70,000 community interest in the property. In that regard the judgment provided:

> "Plaintiff or Defendant shall have the right to purchase the real property at a purchase price of $140,000.00 less [his] one-half community interest of $70,000.-00 in said property. Should either party elect to purchase said property [he] shall have the right to place a first deed of trust or mortgage on said property in order to finance the $70,000.00 payment to the other party. Said $70,000.00 payment shall not be in excess of twenty years."

The second alternative provided by the district court was that of sale to a third party. The third alternative provided by the decree of the district court was partition.

Considering the first alternative, appellant contends that the decree of the district court is unclear regarding

1. The period of time within which the election by one of the parties to purchase must be exercised.

2. The form necessary for the exercise.

3. Other questions involving downpayment, amounts and times of periodic payments, and applicable interest rate. Appellant suggests that the quoted language of the district court is to be interpreted to mean that one spouse may purchase the property from the other by means of installment payments over a period of 20 years.

■ In our opinion the district court did not intend that a buy-sell arrangement between the parties would involve deferred or periodic payment from one spouse to the other. Except where the best interests of the parties require otherwise the trial court in a divorce action should divide the

community property in such a way as to give each spouse the sole and immediate control of his or her determined share. Larson v. Larson, 95 Idaho 376, 509 P.2d 1297 (1973); McNett v. McNett, 95 Idaho 59, 501 P.2d 1059 (1972); Ripatti v. Ripatti, 94 Idaho 581, 494 P.2d 1025 (1972). That principle is particularly applicable in the instant case in view of the ages of the parties, the amount of time already consumed in litigation and the financial status of each of the parties. Cases where one spouse has been permitted to pay off the other's community interest in installments are clearly distinguishable from the situation herein. Those cases involved circumstances where a forced sale of a business would result in the waste of a community asset, where the best interests of the parties' minor children were involved, and other factors not present herein. *E. g.* Ripatti v. Ripatti, *supra*; Jackson v. Jackson, 87 Idaho 330, 393 P.2d 28 (1964).

■■ It is also our opinion that since the judgment of the district court omitted all reference to down payment, periodic payments, interest rates, etc. that the acquisition of outside financing and a lump sum payment were intended by the district court. No showing was made that any impediment exists which would prevent either spouse from obtaining financing and paying therefrom the other spouse's community interest quickly and expeditiously. This court is granted wide discretion in reviewing and revising provisions for the disposition of community property. I.C. § 32–714. In the interests of clarity and of terminating this litigation, the trial court is directed to make the following additional provisions:

In the event that one of the spouses elects to purchase the other's community interest, he or she shall have 90 days from the date that this judgment becomes final to so notify the district court and the other spouse of that intention, to obtain the necessary financing and make a lump sum payment of $70,000. In the event that both

parties desire to purchase the property and give the above mentioned notice, the property shall thereafter be partitioned, which will be discussed in greater detail *infra*.

As a second alternative, the district court provided that if neither party elects to purchase the real property, it should be offered for sale at a price of no less than $140,000 and remain on the market for a period not to exceed 120 days. The district court found that an exact survey would be necessary to determine the legal description of the property and required that each party execute all documents necessary to effectuate the listing and sale of the property. If the property is sold, the parties are to divide the net proceeds of that sale; if the property remains unsold at the end of the 120-day period it is to be partitioned between the parties. Appellant objects to a sale of the property to a third party, and indicates a strong desire to remain on the land and continue his cattle feeding operation. However, the district court has given him every opportunity to do so, albeit at a higher price than he desires to pay. There was no showing that the sale of the property on the terms imposed by the district court would amount to waste of a community asset or that the property would therefore be sold for less than it is worth. No error was committed by the district court in providing for the second alternative.

The third alternative provided by the district court was partition, which was to take place either in the event that the property was offered for sale to the public and not purchased within 120 days, or as added by this court, if each party demands the right to purchase the community interest of the other. The district court decreed that in the event of partition the property should be divided into equal acreage units, that the 30-acre tract fronting on the river should be awarded plaintiff wife, and that the other 30 acres containing the ranch house should be awarded to the defendant husand. It also provided that the parties should share equally the

costs of surveying the said 30-acre tracts. The district court further declared that it would retain jurisdiction of this action regarding disposition of the real property. Upon remand the district court is directed as follows.

In the event neither party chooses to buy out the other, the property is not purchased by a third party, and the parties are unable to reach a voluntary agreement as to an appropriate location for a dividing line between the two 30-acre tracts the district court shall appoint a referee or referees to divide the property into two 30-acre tract parcels following the general guidelines provided by the district court.

It is further directed that the erroneous designation of the river in the judgment, if it is indeed erroneous, may be corrected pursuant to I.R.C.P. 60(a).

The district court found that the net value of the community property in possession of the respondent was $20,200 and found that personal property in possession of the appellant consisted of $40,681.82. The district court awarded each party the therein listed community property in his or her possession. To balance the difference in values of property in possession of each of the parties, the court ordered judgment in favor of Mrs. Parker in the amount of $10,240.91.

During the separation of the parties Mrs. Parker purchased an automobile and incurred a debt therefor. The trial court included in the assets held by Mrs. Parker only the depreciated value of the automobile and also included the debt incurred therefor in computing the net value of the property in her possession. No error was committed thereby.

Although contended otherwise by the appellant, we find the values assigned by the district court to the cattle and personal property in the possession of the appellant to be supported by the evidence and not subject to reversal herein. Nevertheless, in the value of the property held by defendant husband, the court included the

sum $9,853.11 which was representative of a purported net profit on cattle transactions during the period of separation. There was no showing of the existence of such sum of money and no showing that appellant had either squandered or secreted profits from the cattle operation. There was some evidence, however, that he had used certain community funds to retire community debts during the period of separation. Accordingly, we find that the district court's inclusion of the sum of $9,853.11 as community property in the possession of Mr. Parker is unsupported by the evidence and therefore erroneous. The amount of the equalizing judgment awarded by the district court to Mrs. Parker against Mr. Parker should therefore be reduced from $10,240.91 to $5,314.35.

It is also contended that the district court erred in failing to make provision for the payment of certain debts. On remand, the district court shall make whatever provision it deems necessary and equitable for the payment of such of those debts as may remain outstanding.

The judgment and the decree of the district court is affirmed in part and reversed in part, and the cause is remanded for further proceedings in accordance herewith. No costs allowed.

DONALDSON, McQUADE, McFADDEN and BAKES, JJ., concur.